UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| LAMARR WAGNER, | : Case No. 3:24-cv-00266 |
| Plaintiff, | : District Judge Thomas M. Rose |
| vs. | : Magistrate Judge Caroline H. Gentry |
| CALVIN1 LLC, | : |
| Defendant. | : |

# REPORT AND RECOMMENDATION

On December 18, 2024 the Court ordered Plaintiff Lamarr Wagner to show cause by January 15, 2025 why the claims against Defendant Calvin1 LLC should not be dismissed as required by Federal Rule of Civil Procedure 4(m). (Show Cause Order, Doc. No. 5.) For the reasons discussed below, the Court recommends that Plaintiff's claims against Defendant Calvin1 LLC be dismissed without prejudice.

Plaintiff filed the Complaint on October 4, 2024. (Complaint, Doc. No. 1.) Plaintiff used Ohio certified mail service pursuant to S.D. Ohio Civ. R. 4.2. (Certificate of Mailing, Doc. No. 3.) The Clerk of Court thereafter docketed the return receipt, which was returned with an endorsement showing successful delivery to Defendant's agent on October 24, 2024. (Return Receipt, Doc. No. 4.) Defendant's answer to the Complaint was therefore due no later than November 14, 2024, but Defendant did not file an answer. Plaintiff was therefore required to request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a); S.D. Ohio Civ. R. 55.1(a). When Plaintiff did not do so, the Court

1

ordered that Plaintiff show cause, no later than January 15, 2025, why his claims against Defendant should not be dismissed for failure to prosecute. (Show Cause Order, Doc. No. 5.) The Court also cautioned Plaintiff that failure to comply with the Show Cause Order could result in a recommendation that the District Judge dismiss this case. (*Id.* at PageID 47.) To date, Plaintiff has failed to comply with the Show Cause Order.

District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Significantly, a district court may dismiss an action where "the plaintiff has failed 'to prosecute or to comply with these rules or a court order'" and the party "has actual 'notice that dismissal is contemplated.'" *Bonanno v. Virginia*, 2023 U.S. App. LEXIS 6768, at *5 (6th Cir. 2023) (citing Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)).

Here, Plaintiff's claims against Defendant should be dismissed for two reasons: 1) Plaintiff failed to request an entry of default from the Clerk; and 2) Plaintiff failed to obey an order of this Court. Both of these deficiencies constitute a failure to prosecute that independently warrants dismissal. *See Bonanno*, 2023 U.S. App. LEXIS 6768, at *5-7 (failure to request entry of default); *Jourdan*, 951 F.2d at 109–10 (repeated failure to abide by deadlines set by the Court). Additionally, the Court cautioned Plaintiff in the Show Cause Order that failure to comply could result in a recommendation of dismissal, and so Plaintiff had actual "notice that dismissal is contemplated." *Harris*, 844 F.2d at 1256.

2

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that this matter be dismissed without prejudice for failure to prosecute.

**IT IS SO RECOMMENDED**.

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Report and Recommendation ("Report"). Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).